UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ) ) ) Plaintiff, ) ) vs. ) ) ALLEN D. STIMAGE, et al., ) ) ) Defendants. ) | Case No. 4:22-cv-00398-AGF |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff State Farm Mutual Automobile Insurance Company's motion for default judgment against Defendants Allen D. Stimage and William Leslie.[1] (Doc. No. 22).

## BACKGROUND

On April 5, 2022, Plaintiff filed its complaint for declaratory judgment seeking a declaration that no coverage exists under the automobile insurance Policy No. 598-7232-C03-25 (the "Policy") for any claim that may be made by Defendants arising out of an automobile collision that occurred on September 27, 2020. Doc. No. 1 at 8-9.

The Complaint alleges the following. On or about September 27, 2020, at approximately 1:40 a.m., Defendant Allen Stimage was driving north on Highway 367 in

---

[1] Plaintiff initially filed suit against a third defendant, Sonya Jordan, but the claims against Ms. Jordan were dismissed on April 14, 2023, for lack of timely service. (Doc. No. 24).

St. Louis County in a 2020 Dodge Challenger when the vehicle collided with a traffic barrier. At the time of the collision, Plaintiff insured Stimage under the Policy. Doc. No. 1, at ¶¶ 10-11. Plaintiff alleges that Stimage recently purchased the vehicle, and it was specially equipped for racing. *Id.* at ¶¶ 12-13. At the time of the collision, Defendant William Leslie and Sonya Jordan were passengers in the vehicle. *Id.* at ¶ 14.

Following the collision, Stimage gave a statement to St. Louis County Police that two "phantom" vehicles passed him on the highway, causing him to swerve and strike the barrier along the right-side shoulder of the highway. *Id.* at ¶ 15. Following the collision, Stimage and Leslie denied sustaining injury and refused medical treatment. *Id.* at ¶ 16. The posted speed limit at the site of the collision was fifty-five (55) miles per hour. *Id.* at ¶ 17.

Sonya Jordan, Stimage and Leslie later made claims to Plaintiff under the Policy seeking recovery for bodily injury and damages allegedly arising from the collision. *Id.* at ¶ 18. All three submitted to examinations under oath (EUO) and testified that the subject collision was caused not by any acts or omissions of Stimage, but rather by other vehicles who were racing and drove up quickly behind Stimage, alarming him and causing him to collide with the center barrier. *Id.* at ¶ 20. Stimage testified at the EUO that he was driving no more than sixty-five (65) miles per hour. *Id.* at ¶ 21.

On or about January 22, 2021, the vehicle that was operated by Stimage on the date of the collision was inspected by an engineer at Rimkus Consulting Group, Inc. *Id.* at ¶ 23. The electronic data downloaded from the vehicle showed that five seconds before the collision, Stimage was driving at a speed of 168 miles per hour; one-tenth of a second

before the collision, Stimage was driving at a speed of 98 miles per hour; and neither the driver nor the front passenger were wearing seatbelts.  *Id.* at ¶ 25.

On October 20, 2020, Jordan, Stimage and Leslie appeared at the St. Louis County Police Department to file a supplemental report, the report reflects that Stimage told the police officer that his vehicle was struck on the passenger rear side by one of the racing vehicles.  *Id.* at ¶ 27.  At the EUO, Stimage denied telling the police at any time that his vehicle was struck by one of the racing vehicles.  *Id.* at ¶ 28.

Plaintiff alleges that Stimage and Leslie made materially false statements in connection with their claims under the Policy relating to the subject incident, with the intent to misrepresent the facts and circumstances of said incident.  *Id.* at ¶ 35.  Plaintiff further alleges that the "Concealment and Fraud" provision of the Policy and the "Insuring Agreement" qualifier for uninsured motorist coverage are applicable to the all the claims asserted by Stimage and Leslie, and preclude coverage related to the collision.  *Id.* at ¶¶36-43.

Plaintiff effectuated proper service to Defendants Stimage and Leslie on August 2, 2022.  Doc. Nos. 15-16.  Stimage and Leslie failed to answer.  On September 12, 2022, Plaintiff simultaneously filed a motion for Clerk's entry of default and a motion for default judgment.  Doc. Nos. 21-22.  On September 13, 2022, the Clerk's entry of default was entered, and the order was served on Defendants Stimage and Leslie.  Doc. No. 23.  To date, Defendants Stimage and Leslie have failed to plead or otherwise defend against the complaint for declaratory judgment as provided in the Federal Rules of Civil Procedure.

In its motion for default judgment Plaintiff seeks a declaration that:  (1) the "Concealment and Fraud" provision of the Policy, and the Policy's "insuring agreement" qualifier for uninsured motorist coverage, are applicable to all claims asserted by Defendants Stimage and Leslie; (2) Defendant Stimage made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with a claim under the Policy; (3) Defendant Leslie made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with a claim under the Policy; (4) the automobile collision of September 27, 2020, and any injuries arising therefrom to Defendant Stimage or Defendant Leslie, was/were caused solely by the recklessness or negligence of Defendant Stimage; and (5) there is no coverage under the Policy for any injuries to Defendant Stimage or Defendant Leslie, whether or not such injury is bodily in nature or to property or any other injury, and Plaintiff has no obligation to provide any payment of benefit of any kind to Stimage or Leslie arising from the September 27, 2020 collision.  Doc. No. 22-1 at 6-7.

## **DISCUSSION**

The entry of default by the Clerk of Court pursuant to Fed. R. Civ. P. 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b)(2), but whether to grant default judgment is a separate question within the discretion of the Court.  *See Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (internal quotation omitted).  After default has been entered, the defendant is deemed to have admitted all well pleaded factual allegations in the complaint.  *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010); *see also* Fed. R.

Civ. P. 8(b)(6) (stating that any "allegation other than one relating to the amount of damages is admitted if a responsive pleading is required and the allegation is not denied.")

Nonetheless, before the Court may enter a default judgment setting forth the declaration Plaintiff seeks, it must be satisfied, on the basis of the sufficiency of the complaint and the substantive merits of Plaintiff's claim, that "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray*, 595 F. 3d at 871 (quoting 10A C. Wright, A. Miller & M. Kane, federal practice and Procedure § 2688 at 63 (3d ed. 1998)). "[A]lthough the defendant may not be allowed, on appeal, to question the want of testimony or the insufficiency or amount of evidence, he is not precluded from contesting the sufficiency of the [complaint], or from insisting that averments contained in it do not justify the decree." *Ohio Cent. R. Co. v. Central Trust Co.*, 133 U.S. 83, 91 (1890).

Upon consideration of the complaint and the substantive merits of Plaintiff's request for declaratory judgment, the Court concludes that Plaintiff's complaint adequately alleges and supports the declaratory relief sought. Therefore, the entry of default judgment pursuant to Rule 55(b)(2) is proper here.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for default judgment is **GRANTED**. (Doc. No. 22).

-6-

A separate Default Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 14th day of April, 2023.